**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND / ODESSA DIVISION**

| | |
|---|---|
| IQX CORP. <br><br>       Plaintiff, <br><br>       v. <br><br><br> SALESFORCE, INC. <br><br>       Defendant. | Case No. 7:26-cv-00213 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
<u>SALESFORCE, INC.</u>**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff IQX Corp. ("Plaintiff" or "IQX") makes the following allegations against Defendant Salesforce, Inc. ("Defendant" or "Salesforce"):

**<u>PARTIES</u>**

1.      Plaintiff IQX Corp. is a corporation organized and existing under the laws of the state of Wyoming, with a place of business at 204 West Spear St., Suite 3982, Carson City, NV 89703.

2.      On information and belief, Defendant Salesforce is a corporation organized and existing under the laws of Delaware, with a place of business at 600 Congress Avenue, Austin, TX 78701.

**<u>JURISDICTION AND VENUE</u>**

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

4. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents, and inducing others to do the same. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to the residents of this District and the State of Texas. Defendant is subject to jurisdiction pursuant to due process and/or the Texas Long Arm Statute due to its substantial business in this State and District including at least its infringing activities, regularly doing or soliciting business at its Texas facilities, and engaging in persistent conduct and deriving substantial revenues from goods and services provided to residents in the State of Texas including the Eastern District of Texas.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Salesforce resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 11,876,924

6. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

7. Plaintiff owns all rights, title, and interest in U.S. Patent No. 11,876,924 ('924 Patent), titled "Secure transactions using customized webpages." The '924 Patent was duly and

legally issued by the United States Patent and Trademark Office on January 16, 2024. A true and correct copy of the '924 Patent is attached as **Exhibit ..**

8.      The written description of the '924 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

9.      For example, at the time of the invention the conventional solutions to third-party telephone messaging did not provide the ability to allow convenient, secure access to an in-progress transaction path. Because conventional environments could not securely pass sensitive credentials, the network lacked a mechanism to synchronize identity and transaction states without exposing data to the insecure network. Conventional solutions thus either required manual authentication or were vulnerable to interception and man-in-the-middle attacks. The '924 patent claims, by contrast, introduced secure access to customized webpages and the associated generation of secure access information for performing an e-commerce transaction and a customized actionable item corresponding to one or more prior transactions performed by the user, thus solving the security problem in conventional systems using a specific technological process that uniquely addressed the technical challenges of multi-domain network communication.

10.      Plaintiff and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '924 patent, and Plaintiff is entitled to damages for Defendant's past infringement.

11.      On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports text message marketing systems ("Accused Instrumentalities"), including without

limitation the Salesforce text message marketing system, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '924 Patent. Defendant also, prior to sale, engages in development, testing, and certification of certain products within the United States, including infringing use of the Accused Instrumentalities.

12.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '924 Patent, including claim 1. A claim chart comparing independent claim 1 of the '924 patent to a representative Accused Instrumentality, is attached as **Exhibit .**, which is hereby incorporated by reference in its entirety.

13.     Defendant also knowingly and intentionally induces infringement of one or more claims of the '924 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '924 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '924 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Instrumentalities in ways that directly infringe the '924 Patent (for example, through user manuals and instruction materials on its website and/or otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '924 Patent, thereby specifically intending for and inducing its customers to infringe the '924 Patent through the customers' normal and customary use of the Accused Instrumentalities. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others. Accordingly, a reasonable inference is

4

that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Plaintiff's '924 Patent in the United States because Defendants had knowledge of the '924 Patent and actively induced others (*e.g.,* their customers) to directly infringe the '924 Patent.

14.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and are liable for infringement of the '924 Patent pursuant to 35 U.S.C. § 271.

15.    As a result of Defendant's infringement of the '924 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

16.    Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '924 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

17.    Defendants also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continue to infringe the '924 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '924 Patent. Plaintiff is therefore entitled to enhanced damages.

18.    Plaintiff's '924 Patent is valid and enforceable.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 12,200,165

19.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully

set forth herein.

20.     Plaintiff owns all rights, title, and interest in U.S. Patent No. 12,200,165 ('165 Patent), titled "Automated silent network authentication protocol security, verification, and access control for cellular handheld devices." The '165 Patent was duly and legally issued by the United States Patent and Trademark Office on January 14, 2025. A true and correct copy of the '165 Patent is attached as **Exhibit ..**

21.     The written description of the '165 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

22.     Plaintiff and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '165 patent, and Plaintiff is entitled to damages for Defendant's past infringement.

23.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports text message marketing systems ("Accused Instrumentalities"), including without limitation the Salesforce text message marketing system, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '165 Patent. Defendant also, prior to sale, engages in development, testing, and certification of certain products within the United States, including infringing use of the Accused Instrumentalities.

24.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '165 Patent. A claim chart comparing independent claim 1 of the '165 patent to a representative Accused Instrumentality, is attached as **Exhibit .,** which is hereby incorporated by

reference in its entirety.

25.     Defendant also knowingly and intentionally induces infringement of one or more claims of the '165 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '165 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '165 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Instrumentalities in ways that directly infringe the '165 Patent (for example, through user manuals and instruction materials on its website and/or otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '165 Patent, thereby specifically intending for and inducing its customers to infringe the '165 Patent through the customers' normal and customary use of the Accused Instrumentalities. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Plaintiff's '165 Patent in the United States because Defendants had knowledge of the '165 Patent and actively induced others (*e.g.,* their customers) to directly infringe the '165 Patent.

26.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and are liable for infringement of the '165 Patent pursuant to 35 U.S.C. § 271.

27. As a result of Defendant's infringement of the '165 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

28. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '165 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

29. Defendants also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continue to infringe the '165 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '165 Patent. Plaintiff is therefore entitled to enhanced damages.

30. Plaintiff's '165 Patent is valid and enforceable.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 12,368,799

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. Plaintiff owns all rights, title, and interest in U.S. Patent No. 12,368,799 ('799 Patent), titled "Automated silent network authentication protocol." The '799 Patent was duly and legally issued by the United States Patent and Trademark Office on July 22, 2025. A true and correct copy of the '799 Patent is attached as **Exhibit ..**

33. The written description of the '799 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how

the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

34.     For example, at the time of the invention the conventional solutions for linking to documents did not provide the ability to allow convenient, secure access to complete a transaction. Because conventional links could not securely include sensitive credentials, technological systems could not transmit links containing credentials without exposing data to the insecure network. Conventional solutions thus either required the user clicking on a link to perform subsequent manual authentication or were vulnerable to interception and man-in-the-middle attacks. The '799 patent claims, by contrast, introduced a two-document solution, wherein activation of a hosted input field in the first document provides information comprising an electronic address and an indication of willingness to receive one or more messages, and the second document includes information about one or more events of interest for a user, such that a link can be provided to the user that allows the user to execute a transaction through the second document, thus solving the security problem in conventional systems using a specific technological process that uniquely addressed the technical challenges of multi-domain network communication.

35.     Plaintiff and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '799 patent, and Plaintiff is entitled to damages for Defendant's past infringement.

36.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports text message marketing systems ("Accused Instrumentalities"), including without limitation the Salesforce text message marketing system, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '799 Patent. Defendant also, prior to sale, engages

in development, testing, and certification of certain products within the United States, including infringing use of the Accused Instrumentalities.

37.    The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '799 Patent. A claim chart comparing independent claim 12 of the '799 patent to a representative Accused Instrumentality, is attached as **Exhibit .**, which is hereby incorporated by reference in its entirety.

38.    Defendant also knowingly and intentionally induces infringement of one or more claims of the '799 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '799 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '799 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Instrumentalities in ways that directly infringe the '799 Patent (for example, through user manuals and instruction materials on its website and/or otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '799 Patent, thereby specifically intending for and inducing its customers to infringe the '799 Patent through the customers' normal and customary use of the Accused Instrumentalities. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Plaintiff's '799 Patent in the United States

10

because Defendants had knowledge of the '799 Patent and actively induced others (*e.g.,* their customers) to directly infringe the '799 Patent.

39.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and are liable for infringement of the '799 Patent pursuant to 35 U.S.C. § 271.

40.    As a result of Defendant's infringement of the '799 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

41.    Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '799 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

42.    Defendants also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continue to infringe the '799 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '799 Patent. Plaintiff is therefore entitled to enhanced damages.

43.    Plaintiff's '799 Patent is valid and enforceable.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 12,438,978**

44.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45.    Plaintiff owns all rights, title, and interest in U.S. Patent No. 12,438,978 ('978

Patent), titled "Systems and methods for resuming online abandoned journeys." The '978 Patent was duly and legally issued by the United States Patent and Trademark Office on October 7, 2025. A true and correct copy of the '978 Patent is attached as **Exhibit ..**

46.     The written description of the '978 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the nonconventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

47.     Plaintiff and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '978 patent, and Plaintiff is entitled to damages for Defendant's past infringement.

48.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports text message marketing systems ("Accused Instrumentalities"), including without limitation the Salesforce text message marketing system, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '978 Patent. Defendant also, prior to sale, engages in development, testing, and certification of certain products within the United States, including infringing use of the Accused Instrumentalities.

49.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '978 Patent. A claim chart comparing independent claim 1 of the '978 patent to a representative Accused Instrumentality, is attached as **Exhibit .**, which is hereby incorporated by reference in its entirety.

50.     Defendant also knowingly and intentionally induces infringement of one or more claims of the '978 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service

12

of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '978 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '978 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Instrumentalities, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Instrumentalities in ways that directly infringe the '978 Patent (for example, through user manuals and instruction materials on its website and/or otherwise provided to customers). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '978 Patent, thereby specifically intending for and inducing its customers to infringe the '978 Patent through the customers' normal and customary use of the Accused Instrumentalities. Defendant also knew or was willfully blind that its actions would induce direct infringement by others and intended that their actions would induce direct infringement by others. Accordingly, a reasonable inference is that Defendant specifically intended for others, such as its authorized third parties, end users, or customers, to directly infringe one or more claims of Plaintiff's '978 Patent in the United States because Defendants had knowledge of the '978 Patent and actively induced others (*e.g.,* their customers) to directly infringe the '978 Patent.

51.    By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and are liable for infringement of the '978 Patent pursuant to 35 U.S.C. § 271.

52.    As a result of Defendant's infringement of the '978 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with

interest and costs as fixed by the Court.

53.    Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '978 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

54.    Defendants also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continue to infringe the '978 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '978 Patent. Plaintiff is therefore entitled to enhanced damages.

55.    Plaintiff's '978 Patent is valid and enforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.    A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b.    A judgment in favor of Plaintiff that Defendants have willfully infringed each of the Asserted Patents;

c.    A permanent injunction prohibiting Defendants from further acts of infringement of each of the Asserted Patents;

d.    A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of each of the Asserted Patents (including enhanced damages for willful infringement);

e.    A judgment and order requiring Defendants to provide an accounting and to pay

supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendants; and

g.     Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 28, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Christian Conkle (CA SBN 306374)
cconkle@raklaw.com
Jefferson Cummings (DC Bar 90027452)
jcummings@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474

*Attorneys for Plaintiff IQX Corp.*